Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Kara Vanover,** Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiffs,<br><br>v.<br><br>**Excite Enterprises, LLC dba Savor Flavor Asia**, an Arizona limited liability corporation; **Rod Barnett,** an Arizona resident; and **Ngan Ngoc Barnett,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.*<br><br>**(Jury Trial Requested)** |

Plaintiff Kara Vanover, individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and former restaurant workers employed by Defendants. Plaintiff brings this action on behalf of herself and all

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

other similarly situated current and former workers who were not fully compensated their overtime wages.

2. Plaintiff and the Collective Members are current and former restaurant workers who were compensated on an hourly or salary basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

3. Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

4. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

5. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**PARTIES**

9. At all relevant times to the matters alleged herein, Plaintiff resided in the State of Arizona.

10. At all relevant times, Plaintiff was an employee of Defendants from on or around March 31, 2019 until on or around October 1, 2019.

11. At all relevant times, Plaintiff was a non-exempt employee.

12. At all relevant times, Plaintiff was employed as a cashier, server, and/or assistant manager.

13. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14. Defendant Excite Enterprise LLC dba Savor Flavor Asia (hereinafter "**Savor Flavor Asia**") is an Arizona company, authorized to do business in the State of Arizona, and was at all relevant times Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

15. Defendant Rod Barnett is an Arizona resident.

16. Defendant Rod Barnett has directly caused events to take place giving rise to this action.

17. Defendant Rod Barnett was at all relevant times Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

18. Defendant Rod Barnett is a manager of Savor Flavor Asia.

19. Defendant Rod Barnett is an employer of Savor Flavor Asia.

20. Defendant Rod Barnett is an owner of Savor Flavor Asia.

21. Defendant Rod Barnett had the authority to hire and fire employees.

22. Defendant Rod Barnett hired Plaintiff.

23. Defendant Rod Barnett supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

24. Defendant Rod Barnett determined the rate and method of Plaintiff's payment of wages.

25. Defendant Rod Barnett maintained employment records in connection with Plaintiff's employment.

26. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Rod Barnett is subject to individual and personal liability under the FLSA.

27. Defendant Ngan Ngoc Barnett is an Arizona resident.

28. Defendant Ngan Ngoc Barnett has directly caused events to take place giving rise to this action.

29. Defendant Ngan Ngoc Barnett was at all relevant times Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

30. Defendant Ngan Ngoc Barnett is a manager of Savor Flavor Asia.

31. Defendant Ngan Ngoc Barnett is an employer of Savor Flavor Asia.

32. Defendant Ngan Ngoc Barnett is an owner of Savor Flavor Asia.

33. Defendant Ngan Ngoc Barnett had the authority to hire and fire employees.

34. Defendant Ngan Ngoc Barnett hired Plaintiff.

35. Defendant Ngan Ngoc Barnett fired Plaintiff.

36. Defendant Ngan Ngoc Barnett supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

37. Defendant Ngan Ngoc Barnett determined the rate and method of Plaintiff's payment of wages.

38. Defendant Ngan Ngoc Barnett maintained employment records in connection with Plaintiff's employment.

39. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ngan Ngoc Barnett is subject to individual and personal liability under the FLSA.

40. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

41. Upon a reasonable and good faith belief, Defendant Ngan Ngoc Barnett and Defendant Rod Barnett are husband and wife.

42. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

43. Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

44. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

45. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

46. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

47. Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

48. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF VANOVER**

49. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

50. On or around March 31, 2019, Plaintiff began employment with Defendants as a cashier and server.

51. Plaintiff's primary job duties included seating customers, waiting tables, clearing dishes from tables, and cashing out customers.

52. Plaintiff would regularly work over 40 hours a week and was not compensated overtime wages.

53. For example, during the pay period of May 31, 2019, Plaintiff worked 13 hours of overtime in which she was not compensated time-and-a-half.

**COLLECTIVE ACTION ALLEGATIONS**

54. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

55. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals

work(ed) as a cashier, server, assistant manager, busser, hostess (or in a position with similar job titles or job duties) for Defendants. The proposed collective class for the FLSA claim is defined as follows:

> **All persons who worked as a cashier, server, assistant manager, busser, or hostess (or in other positions with similar job titles or job duties) for Defendants and that worked over 40 hours in a given workweek are known as (the "Collective Members").**

56. Plaintiff has given her written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

57. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.

58. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

59. Defendants paid Plaintiff and the Collective Members an hourly and/or a salaried rate.

60. Plaintiff and the Collective Members routinely worked over forty (40) hours in a workweek and were not compensated by Defendants with overtime pay for all hours they worked over forty in a given workweek.

61. Defendants are aware that Plaintiff and the Collective Members, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendants still denied them overtime compensation.

62. The Collective Members perform or have performed the same or similar work as Plaintiff.

63. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all overtime pay.

64. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

65. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

66. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

67. Notice of this action should be sent to all similarly situated employees.

68. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the

case. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

### COUNT ONE: (FAIR LABOR STANDARDS ACT FAILURE AND/OR REFUSAL TO PAY OVERTIME

69. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

70. Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

71. While employed by Defendants, Plaintiff and the Collective Members worked numerous hours of overtime that Defendants did not pay.

72. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

73. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

74. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

75. As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-

hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendants committed one or more of the following acts:

   i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

G. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED October 8, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs